MICHAEL MEYER, Esq.
SBN: 101096
931 N. VIGNES STREET,
SUITE 204
LOS ANGELES, CA 90012
(213) 691-1443
e-mail: mike@havenlegal.org

Attorney For Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT – LOS ANGELES DIVISION

| | |
|---|---|
| TETON FINANCIAL MEMBERSHIP SERIES, LLC; CONCIERGE INSURANCE MANAGERS -SERIES 8, NSS-KF2 POST, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>PHILIP WESTGREN, ALEX LEBOVICI, KUNG FURY 2 EUROPE UG IS A GERMAN PRIVATE LIMITED COMPANY,<br><br>Defendants | Case No.:<br><br>COMPLAINT FOR:<br>1. BREACH OF CONTRACT<br>2. SPECIFIC PERFORMANCE<br>3. CONVERSION<br>4. DECLARATORY RELIEF |

COMPLAINT FOR:1. BREACH OF CONTRACT2. SPECIFIC PERFORMANCE3. CONVERSION4. DECLARATORY RELIEF - 1

Plaintiff, complaining of the Defendants, alleges and says:

PARTIES

1. Plaintiff NSS-KF2 Post, LLC is a Tribal Economic Development post-production company formed under the laws of New Mexico with a principal place of business in New Mexico.

2. Plaintiff Teton Financial Membership Series, LLC - Concierge Insurance Managers - Series 8, is a Tribal Economic Development film completion bonding company formed under the laws of Wyoming with a principal place of business in Wyoming.

3. Defendant Philip Westgren is a resident of California.

4. Defendant Alex Lebovici is a resident of California.

5. Defendant Kung Fury 2 Europe UG is a German private limited company formed under the laws of Germany with a principal place of business in Germany, but which, without registering in California or the United States, is pursuing legal action relative to the Kung Fury 2 motion picture, along with Defendant Philip Westgren and Alex Lebovici motion picture) as California litigants.

**JURISDICTION AND VENUE**

COMPLAINT FOR:1.  BREACH OF CONTRACT2.  SPECIFIC PERFORMANCE3.  CONVERSION4.  DECLARATORY RELIEF - 2

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between plaintiffs and defendants, and the amount in controversy exceeds $75,000.

7. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action involves questions arising under federal law, including the Copyright Act, 17 U.S.C. § 101 et seq. , and federal laws governing tribal economic development.

8. This Court has personal jurisdiction over defendant Philip Westgren as he is a resident of California.

9. This Court has personal jurisdiction over defendant Alex Lebovici as he is a resident of California.

10. This Court has personal jurisdiction over defendant Kung Fury 2 Europe UG pursuant to California Code of Civil Procedure § 410.10, as it has transacted business in California, including contracting with California-based talent, utilizing California-based production facilities, conducting financial transactions through California banks, and filing California Superior Court actions relative to the motion picture.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and California Code of Civil Procedure § 395, as defendants reside in this district and a substantial part of the events giving rise to the claims occurred in this district.

**STATEMENT OF FACTS**

COMPLAINT FOR:1.  BREACH OF CONTRACT2.  SPECIFIC PERFORMANCE3.  CONVERSION4.  DECLARATORY RELIEF - 3

12. On April 5, 2019, Creasun (corporate film financier) and Minglu Ma (individual film financier) entered into a Financing Term Sheet with defendants Philip Westgren, Alex Lebovici, and Kung Fury 2 Europe UG (collectively, "KF2 Partners") for the production of the film "Kung Fury 2" (the "PICTURE").

13. The Financing Term Sheet established a budget of $33,406,334 for the PICTURE, with Creasun agreeing to fund $22.3 million.

14. Under the Financing Term Sheet, the KF2 Partners were obligated to provide detailed production accounting on a monthly basis, deliver all film elements upon completion, maintain transparency regarding all expenditures, adhere to the approved budget, and provide English translations of all financial documentation.

15. Creasun advanced $12 million to the KF2 Partners for the production of the PICTURE.

16. The KF2 Partners failed to provide complete, accurate, and transparent financial records as required by the Financing Term Sheet.

17. On April 28, 2023, the parties executed a Binding Term Sheet that amended the original Financing Term Sheet and established specific deadlines for delivery of accounting materials within 30 days.

18. The Binding Term Sheet provided Creasun with a "Takeover Right" to assume control of production if the KF2 Partners failed to meet their obligations.

COMPLAINT FOR:1.  BREACH OF CONTRACT2.  SPECIFIC PERFORMANCE3.  CONVERSION4.  DECLARATORY RELIEF - 4

19. Paragraph 2 of the Binding Term Sheet required the KF2 Partners to provide Creasun with a closing bible with all contracts relating to the Film, all documents documenting prior expenditures and income, all bank statements and wire records, any contracts signed with third parties, and all documentation relating to WGA and SAG agreements.

20. On December 19, 2023, the parties executed an Amending Stipulation that further modified the agreements, reiterating the KF2 Partners' obligation to provide complete accounting and establishing a final deadline of January 15, 2024, for delivery of all financial records.

21. The KF2 Partners have provided only partial financial records in German without the required English translations, in violation of California Rules of Court 3.1110 and Evidence Code Section 753.

22. William Buckley, a financial expert engaged by Creasun, determined that the accounting provided by the KF2 Partners is "grossly inadequate" for determining the film's financial status, with at least 60% of claimed expenditures lacking proper documentation and approximately $7.3 million in expenses appearing to be either duplicative or unrelated to the production.

23. The KF2 Partners have failed to deliver the film elements necessary for completion, including raw footage, sound recordings, music tracks, visual effects files, editing project files, and all production documentation.

24. Kung Fury 2 Europe UG is not registered with the California Secretary of State, in violation of California Corporations Code § 2105, which requires foreign corporations transacting business in California to register.

25. Creasun has designated Native Stars to complete the post-production work on the PICTURE and Concierge Holdings to provide a completion bond.

26. Native Stars cannot proceed with post-production work without access to the film elements and a clear understanding of what has been completed and what remains to be done.

27. Concierge Holdings cannot issue a completion bond without verified financial records to establish the remaining budget required to complete the film.

28. The KF2 Partners have refused to cooperate with the transition to new production management under Native Stars and Concierge Holdings.

## CLAIMS FOR RELIEF

### Count I - Breach of Contract
### (against all defendants)

29. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

30. Valid contracts exist between the parties in the form of the Financing Term Sheet, Binding Term Sheet, and Amending Stipulation.

31. The Financing Term Sheet dated April 5, 2019, the Binding Term Sheet dated April 28, 2023, and the Amending Stipulation dated December 19, 2023, collectively establish the contractual relationship between the parties.

32. Creasun performed its obligations under the contracts.

33. Creasun advanced $12 million for the production of the PICTURE as required under the Financing Term Sheet.

34. The KF2 Partners breached the contracts.

35. The KF2 Partners failed to provide complete accounting records with English translations as required by Section 4.2 of the Financing Term Sheet and Section 2 of the Binding Term Sheet.

36. The KF2 Partners failed to deliver film elements necessary for completion as required by Section 7.1 of the Financing Term Sheet.

37. The KF2 Partners failed to provide transparency regarding expenditures, including providing only partial, untranslated German financial records that contain significant discrepancies.

38. The KF2 Partners failed to cooperate with the transition to new production management as required by Section 5.1 of the Binding Term Sheet.

39. Plaintiffs have suffered damages as a result of the KF2 Partners' breaches.

40. Native Stars, as Creasun's designated post-production company, has been damaged by being unable to complete the film without the required accounting and film elements.

41. Concierge Holdings, as Creasun's designated bonding company, has been damaged by being unable to issue a completion bond without verified financial records.

## Count II - Specific Performance

### (against all defendants)

43. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 42 as if fully set forth herein.

44. Valid contracts exist between the parties.

45. The Financing Term Sheet, Binding Term Sheet, and Amending Stipulation constitute valid and enforceable contracts between the parties.

46. The terms of the contracts are sufficiently definite.

47. The contracts specifically require the KF2 Partners to deliver all film elements and complete accounting with English translations.

48. Creasun substantially performed its obligations under the contracts that were not rendered impossible by the default and interference of defendants.

COMPLAINT FOR:1.  BREACH OF CONTRACT2.  SPECIFIC PERFORMANCE3.  CONVERSION4.  DECLARATORY RELIEF - 8

49. Creasun advanced $12 million for the film production as required under the Financing Term Sheet.

50. The KF2 Partners breached the contracts.

51. The KF2 Partners failed to deliver the film elements and complete accounting as required by the contracts.

52. Monetary damages are inadequate to remedy the breach.

53. The film elements are unique and irreplaceable, and without them, Native Stars cannot complete the film.

54. The accounting records are essential for Concierge Holdings to issue a completion bond and for Native Stars to understand what has been completed and what remains to be done.

### Count III - Conversion

**(against all defendants)**

56. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 55 as if fully set forth herein.

57. Creasun has ownership or right to possession of the film elements.

58. Under the Binding Term Sheet's "Takeover Right," Creasun has the right to take over production of the film and access all film elements, including raw footage,

COMPLAINT FOR:1.  BREACH OF CONTRACT2.  SPECIFIC PERFORMANCE3.  CONVERSION4.  DECLARATORY RELIEF - 9

sound recordings, music tracks, visual effects files, editing project files, and all production documentation.

59. Creasun has designated Native Stars to complete the post-production work on the PICTURE, giving Native Stars the right to possess and use the film elements.

60. The KF2 Partners have wrongfully converted the film elements.

61. The KF2 Partners have wrongfully retained possession of the film elements, refusing to deliver them to Creasun or Native Stars despite contractual obligations to do so.

62. Plaintiffs have suffered damages as a result of the conversion.

63. Native Stars has been damaged by being unable to complete the film without the film elements, resulting in delays, additional costs, and potential loss of revenue.

## Count IV - Declaratory Relief

### (against all defendants)

65. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 64 as if fully set forth herein.

66. An actual controversy exists between the parties.

67. There is an actual controversy regarding the KF2 Partners' obligation to deliver film elements and accounting, and Creasun's right to assign post-production to Native Stars and bonding to Concierge Holdings.

68. The interpretation of contractual rights and obligations is a proper subject for judicial determination.

69. The rights and obligations of the parties under the Financing Term Sheet, Binding Term Sheet, and Amending Stipulation are proper subjects for judicial determination.

70. There is a practical need for declaration.

71. Native Stars cannot proceed with post-production without clarity on its right to access and use the film elements.

72. Concierge Holdings cannot issue a completion bond without clarity on the financial status of the production.

73. The film cannot be completed and distributed without a judicial declaration of the parties' rights and obligations.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment against Defendants as follows:

JURY DEMAND

1. Under Count One Plaintiffs are entitled to damages of $3,650,000.00, per the settlement agreement signed by the parties, from Defendants;

2. On Count Two Plaintiff seeks a judgment requiring Defendants to perform their contractual duties by the remittance of all financial records, delivery of the film elements and complete accounting as required by the contracts.

3. On Count three for Conversion Plaintiffs are entitled to a Court order for possession of the film elements, the right to take over production of the film and access all film elements, including raw footage, sound recordings, music tracks, visual effects files, editing project files, and all production documentation.

4. Plaintiffs require a declaration that it is the rightful owner of the film elements and Defendants must provide an accurate accounting to Plaintiffs and a judicial declaration of the parties' rights and obligations.

5. Plaintiffs are entitled to attorney fees and cost for bringing this action

6. And for such further relief as may be awarded by the Court to make Plaintiffs whole.

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 30th day of September, 2025.

*[signature]*

Michael Meyer, Attorney for Plaintiffs

COMPLAINT FOR:1. BREACH OF CONTRACT2. SPECIFIC PERFORMANCE3. CONVERSION4. DECLARATORY RELIEF - 12

## VERIFICATION

I, PAUL PALACIO, am the Chief Executive Officer for Concierge Holdings, LLC, a Tribal Economic Development, a Tribal Economic Development, which provides Film Completion Bonding, Appeal Bonding Inc. in the herein matter. I declare as follows:

1. I have read the Complaint and know it contents. The facts alleged are within my knowledge and I know these facts to be true.

2. I am one of the Officers for a party to this action. I am informed and believe and on that ground allege that the matters in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 2nd day of October 2025 at Los Angeles, California.

_____
Paul Palacio